(No. 60395.

*In re* DANIEL FRANCIS WEBB, JR., Attorney,
Respondent.

*Opinion filed February 6, 1985.*

James J. Grogan, of Chicago, for the Administrator
of the Attorney Registration and Disciplinary Commission.

No appearance for respondent.

JUSTICE RYAN delivered the opinion of the court:
In this attorney disciplinary proceeding, the Hearing

Board recommended that the respondent, Daniel Francis Webb, Jr., be suspended from the practice of law for two years and until further order of the court. The Administrator for the Attorney Registration and Disciplinary Commission filed exceptions to the Hearing Board's report. The Review Board, after adopting the findings of the Hearing Board, recommended that respondent be suspended for three years. The Administrator filed a petition for leave to file exceptions to the Review Board report and recommendations, which petition was allowed. In this court, the Administrator urges that the respondent be disbarred.

The Administrator filed a two-count complaint, charging the respondent with violating several provisions of the Code of Professional Responsibility. No answer to these charges was filed by the respondent. The Hearing Board granted the Administrator's motion to deem the allegations of the complaint admitted. The respondent did not appear at the hearing before the Hearing Board.

The complaint charged that suit was filed by the Xerox Corporation against Oscar Kasch, owner of United Produce Distributors, Inc., for $815.01 plus costs, money allegedly owed by Kasch to Xerox pursuant to a machine rental agreement. Kasch filed a *pro se* appearance in the case, following which he retained the respondent, Daniel Francis Webb, Jr., to defend him in the lawsuit. The respondent did not file an answer or otherwise plead to the complaint, and he did not file an answer to a request to admit facts and genuineness of certain documents which was filed on behalf of Xerox. Thereafter, judgment was entered against Kasch for $815.01. After judgment was entered, it is alleged that the respondent negotiated a settlement of the claim for $444.85, which Kasch subsequently agreed to pay and he mailed respondent a check for that amount. This check was payable to Daniel F. Webb. Respondent endorsed the check

and cashed it, but did not pay Xerox. Thereafter, a sheriff's execution and levy was placed against Kasch's business because of the judgment that had previously been entered. As a result of the levy, Kasch had to retain another attorney and incur additional legal fees. In addition, Kasch paid Xerox $925.79 in satisfaction of the outstanding judgment. Respondent has not made restitution to Kasch in any amount.

Count two of the complaint charges that the respondent did not register as an attorney with the Attorney Registration and Disciplinary Commission, and did not pay his fees for such registration, for the years 1981, 1982 and 1983. As of April 1, 1981, respondent's name was removed from the master roll of attorneys pursuant to Supreme Court Rule 756(d) (87 Ill. 2d R. 756(d)). The complaint alleges that, despite having his name removed from the master roll of attorneys, respondent continued to represent himself to be an attorney and continued to practice law in this State. On June 25, 1982, respondent delivered his check to the Attorney Registration and Disciplinary Commission in the amount of $114, representing respondent's registration fees and penalties then due. This check was not honored when presented for payment due to insufficient funds in respondent's account. As of the date of the disciplinary hearing, respondent had neither honored this check nor registered to practice law in Illinois for the years 1981 through 1983. It is now represented to this court by the Administrator that on June 1, 1984, several weeks after the Review Board report was filed, respondent submitted a cashier's check to the Commission for all outstanding registration fees and penalties.

The respondent did not appear before the hearing panel, and he filed no answer to the complaint. On motion of the Administrator, the hearing panel deemed the allegations to be admitted pursuant to Attorney Regis-

tration and Disciplinary Commission Rule 7.1, which provides that if a respondent fails to answer or otherwise plead to the complaint, and has been personally served, the allegations of the complaint shall be deemed admitted, but the hearing panel may require proof of any or all of such allegations. At the hearing before the hearing panel, the Administrator introduced documentary evidence to support the charges, including a deposition of the respondent that the Administrator had previously taken.

As noted above, the Administrator filed exceptions to the report of the Hearing Board, and the matter was reviewed by the Review Board. The respondent entered his appearance *pro se* before the Review Board and was granted an extension of time to March 23, 1984, within which to file exceptions to the Hearing Board's report, or to otherwise plead. No exceptions or pleadings were filed, and on April 6, 1984, the Review Board considered the matter. It agreed with the findings of fact and the conclusions of the Hearing Board that discipline was warranted, but as noted above, recommended a three-year suspension instead of the Hearing Board's recommendation of a suspension for two years and until further order of the court.

On April 24, 1982, almost three weeks after the Review Board made its determination, the respondent filed a motion to remand the case to the Hearing Board, alleging that the "administrator has not proved the charges of the complaint." The Review Board found the respondent's motion untimely and insufficient as a motion to remand or as exceptions and denied the same. Neither the respondent nor any attorney on his behalf has filed an appearance in this court.

It is the Administrator's position that the respondent should be disbarred. The Administrator argues that the wrongful conversion by an attorney of funds placed in

his hands for a specific purpose requires discipline and that such conduct involves moral turpitude. In the absence of mitigating circumstances, the Administrator argues, such conduct calls for disbarment, citing *In re Smith* (1979), 75 Ill. 2d 134. The Administrator also argues that no mitigating circumstances were shown in this case.

Clearly, there was a wrongful conversion by the respondent of the $444.85 check which Kasch sent to the respondent in settlement of the Xerox judgment. In his deposition, respondent admitted receiving the check from Kasch and either depositing it in his own business account or cashing the check. He was not sure which of these he did. He admitted he did not place the money in a trust account. He stated that he thought he had sent a check to the attorney with whom he had negotiated the settlement of the Xerox claim, but "apparently I hadn't." Respondent said that he told Kasch he had made a mistake and that he would take care of it, but he failed to do so and Kasch had to pay the entire amount. He also said that he told Kasch's present attorney he would reimburse Kasch but could not do so at that time.

Respondent stated that he did not have a client trust account but he had never deposited clients' funds in his own account other than on this one occasion.

From his deposition we learn that respondent had other employment "in the brokerage business" prior to February 1980, when "I opened my own law practice, my own law office" in downtown Chicago. After about a year, he closed his office in downtown Chicago because of financial difficulties and practiced law from his home. He was having financial difficulties when he handled the Xerox matter for Kasch, and he has not repaid Kasch because he has been financially unable to do so. He admitted in his deposition that he was wrong and stated he will repay Kasch as soon as he is able.

The Administrator urges disbarment because of the belief that the respondent should not be permitted to practice law until restitution has been made. The Administrator argues that if the respondent is suspended for three years, he will again be permitted to practice at the end of the suspension period without having made restitution.

Respondent's conversion of his client's funds constitutes a serious act of professional misconduct and requires that a harsh sanction be imposed. However, it appears that the conduct alleged in the complaint constitutes respondent's only breach of the Code. He admits his misconduct. He acknowledges that he erred. He wants to make restitution. We think, under the circumstances of this case, the respondent should not be disbarred. We agree with the Administrator, however, that respondent should not be permitted to resume the practice of law until restitution has been made. The court will therefore suspend respondent from the practice of law for a period of two years. However, the respondent may not resume the practice of law following this period of suspension unless he has, before the expiration of the suspension, paid to Oscar Kasch, or to someone authorized to receive payment on his behalf, the sum of $925.79, plus interest at the rate of 9% per annum from May 14, 1982, to the date of payment. This sum of $925.79 represents the amount Kasch had to pay to satisfy the Xerox claim on that date. Prior to the resumption of the practice of law, the respondent shall satisfy the Administrator of the Attorney Registration and Disciplinary Commission that payment as herein directed has been made.

*Respondent suspended.*